UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA ENID COLON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>Defendant. | No.  2:15-cv-1072-EFB<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.  The parties have filed cross-motions for summary judgment.  For the reasons discussed below, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.   BACKGROUND

Plaintiff filed applications for a period of disability, DIB and SSI, alleging that she had been disabled since October 31, 2009.  Administrative Record ("AR") 197-224.  Plaintiff's applications were denied initially and upon reconsideration.  *Id.* at 139-143, 147-152.  On September 13, 2013, a hearing was held before administrative law judge ("ALJ") William C.

1

Thompson, Jr. *Id.* at 53-70. Plaintiff was represented by counsel at the hearing, at which she and a vocational expert testified. *Id.*

On October 25, 2013, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id.* at 29-43. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since October 31, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2

3. The claimant has the following severe impairments: degenerative joint disease of the lumbar spine and depression (20 CFR 404.1520(c) and 416.920(c)).

* * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526, 416.920(d), 416.925 and 416.926).

* * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) and SSR 83-10 specifically as follows: the claimant can lift 20 pounds occasionally and 10 pounds frequently; she can stand and walk in combination for at least six hours in a workday; she can sit for at least six hours in a workday; she can occasionally bend, stoop, twist, squat, kneel, crawl, and climb stairs; she cannot climb ladders, ropes or scaffolds; she should not work around heights or other hazardous machinery; she can handle and finger frequently; she is limited to work involving simple instructions; she can have no more than occasional contact with the public or co-workers; and she can work in the presence of others, but should not be part of work team or cooperative work process.

* * *

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

* * *

7. The claimant was born on September 11, 1963 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

* * *

    11. The claimant has not been under a disability, as defined in the Social Security Act, from October 31, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 31-43.

Plaintiff's request for Appeals Council review was denied on April 3, 2015, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff argues that the ALJ erred in rejecting the opinion from her examining physician without providing legally sufficient reasons. ECF No. 12 at 5-12.

/////

/////

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Lester*, 81 F.3d at 834. Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. *Id.*; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining medical professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. *Id.* at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

Plaintiff underwent a comprehensive orthopedic evaluation, which was performed by Dr. Dale Van Kirk. AR 364-368. Based on his examination, Dr. Kirk opined that plaintiff could cumulatively stand and/or walk for four hours in an eight-hour workday, with periodic breaks; cumulatively sit for four hours in an eight-hour workday, with period stretch breaks; and lift and carry 20 pounds occasionally and 10 pounds frequently. *Id.* at 367. He further opined that plaintiff could only occasionally bend, stoop, crouch, climb, kneel, balance, crawl, push, or pull. *Id.*

The record also contains opinions from non-examining physicians E.L. Gilpeer and A. Resnik. Dr. Gilpeer opined that plaintiff could lift 20 pounds occasionally and 10 pounds frequently; stand and/or walk for a total of 2 hours in an eight-hour day; sit about 6 hours in an eight-hour day; push and pull without limitations; occasionally climb ramps and stairs, but never

ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. *Id*. 82-83; 92-93. Dr. Resnik opined that plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for a total of 4 hours in an eight-hour day; sit about 6 hours in an eight-hour day; push and pull without limitations; occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. *Id*. at 103-104, 111-112.

In assessing plaintiff's RFC, the ALJ purported to accord "great weight" to the opinions provided by all three physicians. *Id*. at 40. Plaintiff argues that despite the ALJ stating that great weight was given to Dr. Kirk's opinion, the ALJ actually rejected a portion of this examining opinion. Specifically, plaintiff argues that the ALJ rejected, without explanation, Dr. Kirk's opinion that plaintiff was limited to sitting and standing/walking for four-hours in a workday and would require a job that permits her to change positions or take periodic breaks. ECF No. 12 at 8.

The ALJ determined that plaintiff maintained the RFC to both stand/walk and sit for six hours in an eight-hour work day. AR 33-34. As Dr. Kirk limited plaintiff to standing/walking and sitting for four hours with breaks, it is apparent that the ALJ rejected this portion Dr. Kirk's opinion. The ALJ provided the following explanation for how the medical opinion evidence supported his RFC determination:

> The opinions of all of these physicians are generally consistent in that they all assess the claimant is able to perform a range of work at the light exertional level with some differences in the degree of specific function-by-function limitations. These opinions are all reasonable and supported by the record as a whole that showed the claimant was conservatively treated for her physical impairment and the treatment was effective in controller her pain. No single assessment has been completely adopted as the residual functional capacity determined herein. In order to give the claimant the benefit of the doubt, the undersigned has adopted those specific restrictions on a function-by-function basis that are best supported by the objective evidence as a whole.

*Id*.

This general and vague explanation provides no insight into how the ALJ weighed the medical opinion evidence. Nor does it satisfy the ALJ's obligation to provide specific and legitimate reasons for rejecting Dr. Kirk's examining opinion. An ALJ may satisfy his burden of

providing specific and legitimate reasons for rejecting a contradicted medical opinion "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). The ALJ's explanation fails to address any conflicting evidence that would support his tacit rejection of standing/walking and sitting limitations assessed by Dr. Kirk's opinion. Accordingly, the ALJ failed to give legally sufficient reasons for rejecting Dr. Kirk's opinion.[2]

Further, the court also notes that while the ALJ purported to give "great weight" to all of the physicians' opinions, concluding that "all of these physicians are generally consistent in that they all assess the claimant is able to perform a range of work at the light exertional level with some difference in the degree of specific function-by function limitations" (AR 40), none of the opinions of record support the ALJ's determination that plaintiff maintains the ability to walk/stand for 6 hours in an eight-hour workday. Dr. Kirk and Dr. Resnik concluded that plaintiff was limited to no more than 4 hours of standing and walking in an eight-hour workday (*id*. at 111, 367), while Dr. Gilpeer limited plaintiff's ability to walk/stand to 2 hours (*id*. at 82). Although the ALJ asserts that he "adopted those specific restrictions on a function-by-function basis that are best supported by the objective evidence as a whole," the court (as well as plaintiff) must guess as to what evidence the ALJ actually relied upon in determining plaintiff's RFC.

Accordingly, the ALJ's decision is not supported by substantial evidence and the proper legal standards were not applied.

/////

/////

---

[2] The Commissioner cites to other evidence in the record that purportedly supports the ALJ's RFC determination and rejection of Dr. Kirk's opinion. ECF No. 13 at 7-8. The court, however, is limited to reviewing the reasons provided by the ALJ, and the post-hoc rationalizations advanced by the Commissioner cannot justify the ALJ's tacit rejection of Dr. Kirk's opinion. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

IV.     CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further considerations consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: September 22, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE